UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

DOUGLAS RALPH GARREN (#169428),

       Plaintiff,

v.

CORIZON HEALTH CARE and
SARITHRI KAKAITI,

       Defendants.
_____/

Case No. 3:21-cv-11365
District Judge Robert H. Cleland
Magistrate Judge Anthony P. Patti

## MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION REGARDING PLAINTIFF'S COMPLAINT (ECF No. 1) and DEFENDANTS' MOTION FOR SUMMARY JUDGMENT (ECF No. 20)

**I.     RECOMMENDATION**: The Court should **DISMISS** Plaintiff's complaint (ECF No. 1), consistent with Fed. R. Civ. P. 41(b) ("Involuntary Dismissal; Effect."), which action also would extinguish Defendants' pending motion for summary judgment (ECF No. 20).

**II.    REPORT**

    **A.     Background**

Plaintiff initiated this lawsuit on May 12, 2021, while he was incarcerated at the Michigan Department of Corrections (MDOC) Gus Harrison Correctional Facility (ARF) in Adrian, Michigan. He is proceeding *in forma pauperis*. (ECF Nos. 2, 4.) According to the MDOC's Offender Tracking Information System

(OTIS), Plaintiff was paroled on November 30, 2021. *See* www.michigan.gov/corrections, "Offender Search," last visited Oct. 7, 2022. Yet, he has not since updated his contact information.

### B. Pending, unopposed dispositive motion

Judge Cleland has referred this case to me for pretrial matters. (ECF No. 13.) Currently pending before the Court is Defendants' May 16, 2022 motion for summary judgment (ECF No. 20), as to which Plaintiff's response was due by June 30, 2022 (ECF No. 24).

To date, Plaintiff has not filed a response. Indeed, since Plaintiff initiated this lawsuit on May 12, 2021 (ECF Nos. 1, 2), it seems he has filed only a single letter – dated September 3, 2021 and post-marked September 7, 2021 – which lists ARF as a return address (ECF No. 7).

### C. The Court has lost contact with Plaintiff.

Multiple items have been returned to the Court as undeliverable. Preliminarily, it does not seem Plaintiff is aware of either the Court's May 16, 2022 order granting Defendants' motion to seal (ECF No. 22) or the Court's May 31, 2022 order requiring a response (ECF No. 24), as the efforts to serve these items at ARF were returned to sender (ECF Nos. 25, 26).

On September 8, 2022, recognizing that a dispositive motion was pending and unopposed, and considering judicial economy, the Court was left with little

2

choice other than to order Plaintiff to show cause in writing why this case should not be dismissed for Plaintiff's failure to prosecute. (ECF No. 27.) Plaintiff's deadline to do so was **Friday, October 7, 2022**, and he was directed to review E.D. Mich. Local Rule 11.2 ("Failure to Provide Notification of Change of Address") before responding. (*Id.*) As Plaintiff's address of record remained ARF, it was the only address at which the Court's show cause order could be served or of which the Court had knowledge. Unfortunately, as the Court predicted, the effort to serve the show cause order at ARF was returned to sender. (*Id.*, PageID.230; ECF No. 28.)

### D. Discussion

Plaintiff has failed to keep the Court apprised of his contact information. *See* E.D. Mich. LR 11.2 ("Failure to Provide Notification of Change of Address") ("The failure to file promptly current contact information may subject that person or party to appropriate sanctions, which may include dismissal, default judgment, and costs."). Plaintiff's address of record remains ARF, and he has not updated his contact information since his November 30, 2021 parole.

As a result of this failure, three of the Court's orders have been returned as undeliverable, one of which provided a deadline to respond to the pending dispositive motion and another of which cautioned that a failure to respond might result in the Undersigned's recommendation that the case be dismissed with

prejudice, consistent with Fed. R. Civ. P. 41(b) ("Involuntary Dismissal; Effect.").

This rule states:

> If the plaintiff fails to prosecute or to comply with these rules or a court order, a defendant may move to dismiss the action or any claim against it. Unless the dismissal order states otherwise, a dismissal under this subdivision (b) and any dismissal not under this rule-- except one for lack of jurisdiction, improper venue, or failure to join a party under Rule 19--operates as an adjudication on the merits.

Fed. R. Civ. P. 41(b).

Notwithstanding the Court's reasonable efforts to reach Plaintiff, it has lost contact with him. In all likelihood, this loss of contact has resulted in Plaintiff failing to respond to Defendants' motion for summary judgment and failing to respond to the Court's show cause order. Plaintiff has failed to comply with E.D. Mich. LR 11.2, failed to comply with the Court's show cause order, and failed to otherwise prosecute this case since his September 2021 letter – *i.e.*, thirteen months ago. Accordingly, the Court should **DISMISS** Plaintiff's complaint for failure to prosecute (ECF No. 1), consistent with Rule 41(b). If the Court adopts this recommendation, the underlying motion for summary judgment (ECF No. 20) will be extinguished.

## III.   PROCEDURE ON OBJECTIONS

The parties to this action may object to and seek review of this Report and Recommendation, but are required to file any objections within 14 days of service, as provided for in Federal Rule of Civil Procedure 72(b)(2) and Local Rule 72.1(d).  Failure to file specific objections constitutes a waiver of any further right of appeal.  *Thomas v. Arn*, 474 U.S. 140, 144 (1985); *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 508 (6th Cir. 1991).  Filing objections that raise some issues but fail to raise others with specificity will not preserve all the objections a party might have to this Report and Recommendation.  *Willis v. Sec'y of Health & Human Servs.*, 931 F.2d 390, 401 (6th Cir. 1991); *Smith v. Detroit Fed'n of Teachers, Local 231*, 829 F.2d 1370, 1373 (6th Cir. 1987).  Pursuant to Local Rule 72.1(d)(2), any objections must be served on this Magistrate Judge.

Any objections must be labeled as "Objection No. 1," and "Objection No. 2," *etc*.  Any objection must recite precisely the provision of this Report and Recommendation to which it pertains.  Not later than 14 days after service of an objection, the opposing party may file a concise response proportionate to the objections in length and complexity.  Fed. R. Civ. P. 72(b)(2); E.D. Mich. LR 72.1(d).  The response must specifically address each issue raised in the objections, in the same order, and labeled as "Response to Objection No. 1," "Response to

5

Objection No. 2," *etc*.  If the Court determines that any objections are without merit, it may rule without awaiting the response.

Dated: October 11, 2022

Anthony P. Patti
UNITED STATES MAGISTRATE JUDGE